FILED
OCT 26 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Case No.

| | |
|---|---|
| GEORGE WEBB SWEIGERT, and ) | COMPLAINT - CLASS ACTION |
| JOHN DOEs 1 to 435, ) | Case: 1:17-cv-02223   Jury Demand |
| JANE DOEs 1 to 435, ) | Assigned To : Contreras, Rudolph |
| To Be Named Later, ) | Assign. Date : 10/26/2017 |
| individually, and on behalf of ) | Description: Pro Se Gen. Civil (F Deck) |
| all those similarly situated, ) | |
| ) | |
| Plaintiffs, ) | DEMAND FOR JURY TRIAL |
| vs. ) | |
| Tom Perez, Chairman, ) | |
| DNC SERVICES CORP. ) | |
| d/b/a DEMOCRATIC ) | |
| NATIONAL COMMITTEE ) | |
| 430 S. Capitol Street SE, #3 ) | |
| Washington, DC 20003 ) | |
| and DEBORAH "DEBBIE" ) | |
| WASSERMAN SCHULTZ, ) | |
| 1114 Longworth Office Building ) | |
| Washington, DC 20515 ) | |
| IMRAN AWAN, ) | |

RECEIVED
OCT 26 2017
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| 6314 Thomas Drive | ) |
| Springfield, VA 22150 | ) |
| HINA ALVI, | ) |
| 9574 Linnet Hill Drive | ) |
| Lorton, VA 22079 | ) |
| JAMAL AWAN, | ) |
| 9574 Linnet Hill Drive | ) |
| Lorton, VA 22079 | ) |
| RAO ABBAS, | ) |
| 9574 Linnet Hill Drive | ) |
| Lorton, VA 22079 | ) |
| HASEEB RANA, | ) |
| 7110 Falcon Drive | ) |
| Annandale, VA 22003 | ) |
| Abid Awan, | ) |
| 7110 Falcon Drive | ) |
| Annandale, VA 22003 | ) |
| NATALIA SOVA, | ) |
| 7110 Falcon Drive | ) |
| Annandale, VA 22003 | ) |
| THERESA GRAFENSTINE, | ) |
| Deloitte, 1919 N. Linn Street, | ) |
| Alexandria, VA 22209 | ) |

| | |
|---|---|
| HUMA ABEDIN, | ) |
| 254 Park Avenue South | ) |
| NY, NY 10010 | ) |
| ANTHONY WEINER, | ) |
| 254 Park Avenue South | ) |
| NY, NY 10010 | ) |
| Defendants. | ) |

Defendants.                    )

PLAINTIFFS GEORGE WEBB SWEIGERT and 435 (FOUR HUNDRED THIRTY FIVE) JOHN and JANE DOEs 435 (FOUR HUNDRED THIRTY FIVE) to be named later, (collectively, "Plaintiffs"), individually and on behalf of all those similarly situated, hereby sue Defendants, DNC SERVICES CORPORATION d/b/a DEMOCRATIC NATIONAL COMMITTEE and DEBORAH "DEBBIE" WASSERMAN SCHULTZ (collectively, "Defendants"), and allege the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. §1332(d), as amended in February 2005 by the Class Action Fairness Act. Alternatively, this Court has original jurisdiction under 28 U.S.C. §1332(a). Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed classes are citizens of a state different from that of Defendants. Personal jurisdiction is proper as both Defendants have purposefully availed themselves of the privilege of conducting business activities within this District, and Defendant, Deborah "Debbie" Wasserman Schultz resides in and is a Congresswoman in Washington, DC. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because both Defendants are deemed to reside in this District and under 28 U.S.C. §1391(b)(2) because both Defendants conduct business in this District and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this District.

## THE PARTIES AND CERTAIN RELEVANT NON-PARTIES

### Plaintiffs

2. Plaintiff George Webb Sweigert ("Sweigert") is a resident of Fort Wayne, Indiana. He contributed a total of $30 to Bernie Sanders' presidential campaign via ActBlue. The Plaintiff is also a Registered Democrat in the State of Oregon, and is a Citizen of the United States.

3. Plaintiffs John Does and Jane Does will be named later. One Plaintiff will be chosen from each of the US Congressional Districts in the United States with the requirement of being a Citizen of the United States.

### Defendants

4. Defendant, DNC Services Corporation, d/b/a Democratic National Committee (the "DNC"), at all times relevant hereto, was and is a not-for-profit corporation organized under the laws of the District of Columbia and is the operating body of the United States Democratic Party. The DNC maintains its principal place of business at 430 South Capitol Street Southeast in Washington, District of Columbia.

5. Defendant, Deborah "Debbie" Wasserman Schultz ("Wasserman Schultz") was the Chairperson of the DNC from 2011 to 2016. Wasserman Schultz maintains offices in Pembroke Pines, Florida, and Aventura, Florida, in addition to offices in Washington, D.C.

6. Defendant, Imran Awan ("Imran Awan") has been a key IT employee of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Springfield, VA.

7. Defendant, Abid Awan ("Abid Awan") has been a key IT employee of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Springfield, VA.

8. Defendant, Jamal Awan ("Jamal Awan") has been a key IT employee of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Lorton, VA.

9. Defendant, Rao Abbas ("Rao Abbas") has been a key IT employee of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Lorton, VA.

10. Defendant, Haseeb Rana ("Haseeb Rana") has been a key IT employee of  Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Springfield, VA.

11. Defendant, Hina Alvi ("Alvi") has been a key IT employee of  Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Lorton, VA.

12. Defendant, Huma Abedin ("Abedin") has been a key confidant of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in New York, New York.

13. Defendant, Anthony Weiner ("Weiner") has been a key confidant of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in New York, New York.

**Non-Party**

14. Non-party ActBlue is a United States political action committee established in June 2004 that enables online fundraising for Democratic Party campaigns. ActBlue charges a 3.95% "processing" fee for each contribution. Some Plaintiffs utilized ActBlue's online services to make the contributions referred to herein.

### GENERAL FACTS

15. The DNC is the formal governing body for the United States Democratic Party. The DNC is responsible for coordinating strategy in support of Democratic Party candidates for local, state, and national office.

16. As part of its duties, the DNC organizes the Democratic National Convention every four years to nominate and confirm a candidate for President, and establishes rules for the state caucuses and primaries that choose delegates to the convention.

17. From 2011 to 2017, Wasserman Schultz was Chairperson of the DNC. Wasserman Schultz has also served as the U.S. Representative for Florida's 23rd congressional district since 2013; before then, she represented Florida's 20th district in the U.S. House of Representatives starting in 2005.

18. The DNC is governed by the Charter and Bylaws of the Democratic Party which require financial fidelity and impartiality by law and bylaw.

19. On June 14, 2016, officials of the DNC announced that Russian government hackers had penetrated its computer network. The hackers had access to the network for approximately one year. According to the Washington Post, "[t]he intruders so thoroughly compromised the DNC's system that they

also were able to read all email and chat traffic" – but in the same article, "[t]he DNC said that no financial, donor or personal information appears to have been accessed or taken[.]" 6 5 See Tribune news services, "Sanders says he is backing opponent of DNC chair Wasserman Schultz," Chicago Tribune (May 21, 2016), available at http://www.chicagotribune.com/news/nationworld/politics/ct-sanders-dnc-chair-20 160521-story.html (last visited June 20, 2016). 6 See Ellen Nakashima, "Russian government hackers penetrated DNC, stole opposition research on Trump," The Washington Post (June 14, 2016)

20. The same day, CrowdStrike – a network security consulting firm retained by the DNC to investigate and respond to the breach – publicly released more details. According to CrowdStrike, two separate hacker groups affiliated with the Russian government, codenamed "Cozy Bear" and "Fancy Bear," were detected as having infiltrated the DNC network. Both groups have a long history of successfully targeting sensitive government and industry computer networks in both the United States and other countries, often using "sophisticated phishing attacks." CrowdStrike concluded that Cozy Bear's intrusion of the DNC network began in summer of 2015, while Fancy Bear separately breached it in April 2016.7 134. On June 15, 2016, an individual using the name "Guccifer 2.0" established a publicly accessible website (https://guccifer2.wordpress.com) and posted a statement taking credit for the DNC server hack.8 Below the statement, Guccifer 2.0 posted a series of documents purportedly taken from the DNC's servers including: (a) a 281-page confidential "Donald Trump Report" purportedly submitted to the DNC on 12/19/15 and containing extensive research on the

presumptive Republican presidential nominee; (b) Excel spreadsheets containing the names and personal information of donors to the Democratic Party and Hillary Clinton's campaign and a 59-page memorandum marked "Secret" setting forth national security and foreign policy "promises and proposals" and purportedly obtained from Clinton's personal computer.

## CLASS ACTION ALLEGATION

19. Plaintiffs bring this lawsuit on behalf of themselves and the proposed class members under Rules 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, as noted below.

20. There are four proposed classes (hereinafter collectively referred to as the "Classes"):

    a) All people or entities who have contributed to the DNC from January 1, 2015 through the date of this action ("DNC Donor Class");

    b) All people or entities who have contributed to the Bernie Sanders campaign from January 1, 2015 through the date of this action ("Sanders Donor Class"); and

    c) All registered members of the Democratic Party ("Democratic Party Class"), and

    d) Citizens of the United States ("Citizens").

21. Plaintiffs, George Webb Sweigert, and John and Jane Does to be named later, bring this action on behalf of themselves and the DNC Donor Class. Hereinafter, they will be referred to collectively as the "DNC Donor Class Plaintiffs."

22. Plaintiffs, George Webb Sweigert, and John and Jane Does to be named later, bring this action on behalf of themselves and the Sanders Donor Class. Hereinafter, they will be referred to collectively as the "Sanders Donor Class Plaintiffs."

23. All registered members of the Democratic Party ("Democratic Party Class").

24. All citizens of the United States. ("Citizens").

25. Numerosity. The members of each of the Classes are so numerous that their individual joinder is impracticable.

26. Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes.

27. Typicality. Plaintiffs' claims are typical of the claims of the members of the Classes they seek to represent, and Plaintiffs have the same claims as those of the other class members they seek to represent.

28. Adequacy of Representation. Plaintiffs will fairly and adequately protect the interests of the members of their respective Classes. Plaintiffs will retain counsel highly experienced in class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Classes.

29. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect

to individual members of the Classes which would establish incompatible standards of conduct for the parties opposing the Classes.

30. Defendants acted on grounds generally applicable to the Classes with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to each of the Classes as a whole.

## CAUSES OF ACTION

## COUNT I

## (Fraud)

### (DNC Donor Class & Sanders Donor Class)

31. The DNC Donor Class Plaintiffs and the Sanders Donor Class Plaintiffs re-allege paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants (sans Grafenstine) hacked the DNC servers, copying critical informations such as names, email address, home addresses, and phone numbers of the entire donor and volunteer database known as NGP/VAN. Other critical reports such as reports based on Microsoft Word and Microsoft Excel were also taken.

33. Defendants (sans Grafenstine) engineered a sophisticated email phishing attack against Bernie Sanders supporters nationwide using a scheme that substitute a similar URL for the donation processing company ActBlue. The ActBlue URL was changed by one letter from www.actblue.com to www.actblues.com, routing donations intended for Bernie Sanders to bank accounts controlled by Debbie Wasserman-Schultz and/or Imran Awan.

34. Defendants (sans Grafenstine) also engineered a sophisticated email phishing attack against Progressive (so called BernieCrats) candidate supporters

nationwide using a scheme that substitute a similar URL for the donation processing company ActBlue. The ActBlue URL was changed by one letter from www.actblues.com to www.actblues.com, routing donations intended for Progressive candidates to bank accounts controlled by Debbie Wasserman-Schultz and/or Imran Awan.

35. Defendants (sans Grafenstine) concocted a false narrative that the Russian government had been responsible for the hacking and phishing attacks.

37. Defendants (sans Grafenstine) intended that the false statements and omissions would induce the DNC Donor Class Plaintiffs, the Sanders Donor Class Plaintiffs, and members of the DNC Donor Class and the Sanders Donor Class, to rely on them for continuing contributions and these conspiratorial attacks.

34. The DNC Donor Class Plaintiffs, the Sanders Donor Class Plaintiffs, and members of the DNC Donor Class and the Sanders Donor Class, relied on Defendants' false statements and omissions to their injury.

35. Defendants' conduct (sans Grafenstine) was intentional, willful, wanton, and malicious. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury to the DNC Donor Class Plaintiffs, the Sanders Donor Class Plaintiffs, and members of the DNC Donor Class and the Sanders Donor Class would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

36. Defendants' conduct (sans Grafenstine) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the

DNC Donor Class Plaintiffs, the Sanders Donor Class Plaintiffs, and members of the DNC Donor Class and the Sanders Donor Class.

## CAUSES OF ACTION

## COUNT II

### (Breach of Fiduciary Duty)

**(Democratic Party Class and Citizens Class)**

37. The Democratic Party Class Plaintiffs re-allege paragraphs 1 through 36 above as if fully set forth herein.

38. Defendants had a fiduciary duty to the Democratic Party Class Plaintiffs, to the Citizens Class Plaintiffs, members of the Democratic Party Class, and to the Citizens Class.

39. Defendants breached their fiduciary duty to the Democratic Party Class Plaintiffs and Citizens Class Plaintiff, and members of the Democratic Party Class and the Citizens Class.

40. The Democratic Party Class Plaintiffs, the Citizens Class Plaintiffs, members of the Democratic Party Class, and members of the Citizens Class have been proximately damaged by Defendants' breach.

41. Defendants' conduct was intentional, willful, wanton, and malicious. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury to the Democratic Party Class Plaintiffs and Citizens Class Plaintiffs, members of the Democratic Party Class, and members of the Citizens Class would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

42. Beyond the criminal hacking and phishing attacks at the DNC, upon information and belief, we allege the Defendants have hacked key Congressional communication systems such as iConstituent and InterAmerica constituent management systems. By these acts, Debbie Wasserman-Schultz, Imran Awan, Abid Awan, Hina Alvi, Rao Abbas, Haseeb Rana, Jamal Awan, and Omar Awan created and **continue** and a criminal conspiracy, a spy ring in the US House of Representatives which subverted, **and continue to subvert,** the fundamental processes of democracy guaranteed in the United States Constitution including free speech and debate between constituents and Members of the House of Representative and free and fair elections of those individuals.

43. The Defendants conspiracy directly impinges upon every member of the Citizen Class' fundamental rights of free speech with their elected Representatives and the expectation of fair and free elections. the entire democratic process has been subverted, essentially nullifying the Constitution and the purpose of the US House of Representatives.

44. Under Racketeering law here in the US, the Plaintiffs hereby request for RICO any **referral letter** or **investigative documents** handed off to or from the FBI to or from the Inspector General of House of Representatives, Theresa Grafenstine, the House Committee on Administration, and the Chief Administrative Officer of the House of Representatives.

45. Upon information and belief, the Defendants used an illegal email/dropbox combination in the House of Representatives at the 123@mail.house.gov email address. Upon information and belief, we believe an illegal Dropbox account was used to share information with representative of

foreign governments including Pakistan and the UAE for the purpose of economic espionage and influence peddling. Indeed, the Defendant Debbie Wasserman-Shultz has publicly admitted in the press to the use of such a Dropbox account against House rules.

46. Upon information and belief, Debbie Wasserman-Schultz, Anthony Weiner, and Huma Abedin compounded the irreparable harm to the legislative processes by engaging in a pay to play scheme, moving privileged, private communication from iConstituent Congressional servers located in the US House of Representatives and DNC servers containing NGP/VAN information to Anthony Weiner's laptop device in New York City on or about during the period of February 2016 to October 2016. Any additional illegal transfers of data from servers in the US House of Representatives occurring between February 2016 and October 2016 will be clarified after receiving the House Inspector General's report and FBI suspicious activity reports. These acts of transferring electronic records from Congress to Weiner and Abedin are felonies in terms of eavesdropping, illegal wiretap, and mishandling of classified information. Upon information and belief, Member of Congress with special Blackberry phones synced to laptops strategically placed around the main Congressional office buildings of Rayburn, Longworth, Cannon, and Library of Congress. These laptops were configure in turn to sync to a private, illegal, Blackberry Enterprise Server on the Capitol grounds which in turn synced with Anthony Weiner laptop in New York. Imran Awan subverted stated rules in the US House of Representatives to properly receive all communications devices intended for use

by Member of Congress to the offices of the Chief Administrative Offices of the House of Representative.

47. Mr. Awan illegally received deliveries of iPhone and iPads intended for use by Members of Congress to his home at 9667 Hawkshead Drive, Lorton, Virginia from government reseller CDW-G in February of 2016. Upon information and belief, these phones were then illegally sent to Pakistan, and then returned to the United States, Upon information and belief, we believe this was a regular practice of the Defendants. Mishandling phones and laptops intended for Congressional Members is a felony and a clear violation of the Computer Fraud and Abuse Act (CFAA).

48. Imran Awan and Omar Awan entered into a conspiracy to create fake employees in the House of Representatives Human Resource system called PeopleSoft. Illegal administrative rights were created for Imran Awan in this system, and a scheme was used to reuse personnel records of retired employees of the US House of Representatives for fraudulent loans from the US Congressional Federal Credit Union.

49. Imran Awan and Hina Alvi engaged in a scheme to send fraudulent payments from fake employee accounts in the US House of Representatives from the US Congressional Federal Credit Union to Faisalabad, Pakistan. The Federal Bureau of Investigations has compiled evidence of hundreds of these illegal transfers, and we will move to bring these reports to the eyes of the Court. We believe a corresponding internal report exists in the US House Committee on Administration that we will move to bring to the eyes of the Court. These acts are felonies and constitute Wire Fraud and Racketeering (RICO) Statutes.

50. Imran Awan, Hina Alva, and Rao Abbas did engage in espionage against the people of the United States of America by taking electronic devices such as thumb drives, hard drives, and laptops with trade secrets and General Services Administrative bidding information to Pakistan for disclosure and sales to business entities in Pakistan. These acts are felonies under the Espionage Act of 1917.

51. The Inspector General of the House of Representative, Theresa Grafenstine, has known of these frauds for at least eighteen months, and has not moved to protect the legislative and election processes in the US House of Representatives through publication of these misdeeds, and Mrs. Grafenstine thereby has been negligent in her duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

52. The Plaintiffs seek the equity powers of the Courts to immediately enjoin this active spy ring in the US House of Representative by revoking network privileges and administrator's rights of Rao Abbas who is still employed in the US House of Representative, and immediate production and publication of all documents related to the investigations of the Awan spy ring named above including FBI Suspicious Activity Reports, all House Committee Administration reports, all House Congressional Federal Credit Union reports, and all House Inspector General reports related to the Defendants misdeeds so that United States might begin to assess the irreparable harm done to the Country.

53. For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, Defendants' violation of and failure to follow the Charter and Bylaws of the Democratic Party;

54. Certification of this action as a class action, designation of Plaintiffs as class representatives and undersigned counsel as class counsel;

55. For compensatory, general, restitutionary, restorative, statutory, treble, and special damages for Plaintiffs against Defendants;

56. Exemplary/punitive damages as against Defendants in an amount sufficient to deter and to make an example of Defendants; Prejudgment and post-judgment interest; and

57. The cost of this suit and such other relief as the court finds just and proper. JURY DEMAND

58. Plaintiffs demand a jury trial on all issues so triable.

DATED: October 26th, 2017

RESPECTFULLY SUBMITTED, /s/: George Webb Sweigert

By: George Webb Sweigert

3312 Ralston Drive

Fort Wayne, IN 46805

503-919-0748

georg.webb@gmail.com

Memorandum Attached, Exhibits A, B