IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
GEORGE WEBB SWEIGERT                        )
                                            )
                 Plaintiff,                 )
                                            )
         v.                                 )   No. 1:17-cv-02223
                                            )
TOM PEREZ, et al.,                          )
                                            )
                 Defendants.                )
_____)

**REPLY IN SUPPORT OF
MOTION TO DISMISS**

Defendant Theresa Grafenstine, former Inspector General of the United States House of Representatives, respectfully submits this Reply to Plaintiff's Response in Opposition to Defendant Grafenstine's Motion to Dismiss (ECF No. 24) ("**Plaintiff's Response**"), which Plaintiff served on December 22, 2017.

Plaintiff's Response completely ignores several of the independent grounds upon which to dismiss the Complaint that were identified in former Inspector General Grafenstine's Memorandum in Support of her Motion to Dismiss (December 20, 2017) (ECF No. 22) ("**Defendant's Memorandum**"). Dismissal of the Complaint is required for that reason alone. And even with respect to the few grounds for dismissal that Plaintiff's Response does address, Plaintiff completely fails to offer any meaningful rebuttal. Consequently, for the reasons set forth in the Defendant's Memorandum, Plaintiff's Complaint should be dismissed with prejudice.

As set forth in Defendant's Memorandum, former Inspector General Grafenstine moved to dismiss on six (6) independent grounds: lack of standing, Def's Mem. 6-10; (2) sovereign

immunity, *id.* at 10-15; (3) failure to effect service of process, *id.* at 15-16; (4) failure to state a claim), *id*. at 16-19; (5) improper class action allegations, *id.* at 19-20; and (6) the complaint is frivolous pursuant to 28 U.S.C. § 1915), *id.* at 20-21.  Plaintiff's Response fails to even acknowledge, let alone respond to, Ms. Grafenstine's arguments regarding sovereign immunity, failure to effect proper service, and the impropriety of Plaintiff's class action allegations.  That complete failure to respond constitutes a waiver of any further right to respond.  Therefore, based on each of those unopposed grounds alone, the Complaint should be dismissed.

In a vain attempt to remedy his lack of standing, Plaintiff asserts that his alleged donations to the Bernie Sanders campaign give rise to an injury that is sufficient to confer standing.  Resp. ¶ 6.  Plaintiff is mistaken.  He fails to explain how political contributions to a chosen candidate constitute a legally cognizable "injury," and he cannot and does not identify any plausible causal connection between those alleged donations and the actions or inactions of former Inspector General Grafenstine.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (Plaintiff must allege "a fairly traceable connection between the Plaintiff's injury and the complained-of conduct of the defendant."); *Cmty. Nutrition Inst. v. Block*, 698 F.2d 1239, 1247 (D.C. Cir. 1983) (holding that plaintiff must "make a reasonable showing that 'but for' defendant's action the alleged injury would not have occurred." (footnote omitted)), *rev'd on other grounds*, 467 U.S. 340 (1984).

Plaintiff also fails to refute former Inspector General Grafenstine's arguments on the merits.  As noted in Defendant's Memorandum, Plaintiff's sole theory of liability regarding Ms. Grafenstine is that she was allegedly "aware" of certain conduct by others, but somehow breached duties purportedly owed to Plaintiff because she "ha[d] not moved" to address that conduct in a manner that Plaintiff deems sufficient.  *See* Resp. ¶¶ 4-5, 9-10; Compl. ¶ 51.

Instead of addressing the fatal legal deficiencies in that theory, as detailed in Defendant's Memorandum, including that the House Inspector General owes no such duty to Plaintiff, Def's Mem. 17-19, Plaintiff's Response merely proffers additional alleged facts not included in his Complaint. None of those alleged facts does anything to remedy those fatal legal deficiencies.

In addition, Plaintiff's new assertions that former Inspector General Grafenstine supposedly "would have known" or "would have been aware" of various alleged facts, Resp. ¶¶ 4-5, 9-10, are insufficient as a matter of law to satisfy the applicable federal pleading standards, *see* Def's Mem. 16, because Plaintiff alleges no facts sufficient to give rise to a plausible inference of knowledge. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully.").

Accordingly, for all the reasons set forth in Defendant's Memorandum and above, Plaintiff's claims against former Inspector General Grafenstine should be dismissed with prejudice.

    Respectfully submitted,

    THOMAS G. HUNGAR
    General Counsel (D.C. Bar No. 447783)
    */s/ Sarah Clouse*
    SARAH CLOUSE (MA Bar No. 688187)
    Attorney

    OFFICE OF GENERAL COUNSEL
    U.S. HOUSE OF REPRESENTATIVES
    219 Cannon House Office Building
    Washington, D.C. 20515
    (202) 225-9700 (telephone)
    (202) 226-1360 (facsimile)

December 29, 2017    *Counsel for Defendant Theresa Grafenstine*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, I filed the foregoing Reply in Support of Motion to Dismiss of Defendant Theresa Grafenstine, via the U.S. District Court for the District of Columbia's CM/ECF system, and served a copy by first-class mail, postage prepaid, on the following non-registered CM/ECF filer:

>GEORGE WEBB SWEIGERT
>8850 Hampton Drive
>Capitol Heights, MD  20743
>*Plaintiff, Pro Se*

>>*/s/ Sarah Clouse*
>>Sarah Clouse