IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE WEBB SWEIGERT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-02223 (RC) |
| TOM PEREZ, et al., | ) ) ) | |
| Defendants. | ) ) | |

**NOTICE OF DEFENDANT DEBORAH WASSERMAN SCHULTZ REGARDING
HER MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On December 19, 2017, Defendant Deborah Wasserman Schultz moved to dismiss Plaintiff's Complaint with prejudice and without leave to amend, or in the alternative, strike the class allegations in Plaintiff's Complaint. *See* Mot. to Dismiss (Dec. 19, 2017) (ECF No. 20) ("Motion to Dismiss"). On December 27, 2017, this Court extended Plaintiff's deadline to respond to that motion from January 5, 2018, to February 5, 2018. *See* Order (Dec. 27, 2017) (ECF No. 23). In doing so, the Court warned Plaintiff that his failure to submit by that extended date an opposing memoranda, or a request for an extension of time to respond, would permit the Court to "treat the motions as conceded, grant the motions, and dismiss the complaint against these defendants[,]" including the Congresswoman. *Id*. at 2. The extended deadline for Plaintiff to respond now has come and passed; he has failed to file either an opposing brief or a motion for extension of time.

Under Local Civil Rule 7(b), "the Court may treat the motion as conceded." *See also, e.g.*, *Jackson v. Todman*, 516 F. App'x 3 (D.C. Cir. 2013) (affirming dismissal of *pro se* plaintiff's complaint with prejudice where he "failed, despite appropriate warning, to file a timely response

or a timely motion to extend the time to file a response to the [defendants'] motion to dismiss, and offered no explanation for that failure").

Plaintiff *has* filed a response to the Congresswoman's motion to dismiss a nearly identical complaint in a related case before this Court.[1] To the extent the Court considers in this case any of the arguments Plaintiff makes in that response, Congresswoman Wasserman Schultz hereby incorporates by reference her reply in support of her motion to dismiss in that case. *See* Reply in Supp. of Mot. to Dismiss (Feb. 12, 2018) (ECF No. 46), *Sweigert v. Podesta*, No. 1:17-CV-2330-RC (D.D.C.).

## CONCLUSION

Plaintiff's Complaint as against Congresswoman Wasserman Schultz should be dismissed in its entirety with prejudice and without leave to amend.

Dated:  February 12, 2018

Respectfully submitted,

By */s/ William Pittard*

William Pittard (D.D.C. Bar No. 482949)
Emily Voshell (D.D.C. Bar No. 1029403)
**KaiserDillon PLLC**
1401 K St. N.W., Suite 600
Washington, D.C. 20005
Phone: (202) 683-6150
Fax: (202) 280-1034
wpittard@kaiserdillon.com
evoshell@kaiserdillon.com

*Attorneys for Defendant*
*Deborah Wasserman Schultz*

---

[1] *See* Resp. in Opp'n to Def. Kim Fritt's [sic] Mot. to Dismiss (Feb. 5, 2018) (ECF No. 40), *Sweigert v. Podesta*, No. 1:17-CV-2330-RC (D.D.C.) (opposing Congresswoman's motion to dismiss in related case in which Plaintiff asserts the same two claims for relief, on substantially similar allegations (often word-for-word), against many of the same defendants).

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February 2018, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice to all counsel of record, and I have served the following individual by certified U.S. mail:

George Webb Sweigert
Country Inn
8850 Hampton Mall Drive N.
Capitol Heights, MD 20743

Dated: February 12, 2018                           */s/ William Pittard*
                                                   William Pittard